David C. LARSON, Petitioner–Appellant,

v.

UNITED STATES of America, Respondent–Appellee.

No. 00–3426.

United States Court of Appeals, Seventh Circuit.

Submitted Dec. 27, 2000.*

Decided Jan. 3, 2001.

---

Before Hon. JOEL M. FLAUM, Chief Judge, Hon. FRANK H. EASTERBROOK, and Hon. MICHAEL S. KANNE, Circuit Judges.

### Order

Midway through his criminal trial, David Larson pleaded guilty to a federal crime. Delay in entering the plea until it became clear that conviction was inevitable, coupled with efforts to withdraw that plea, led the district court to deny Larson any reduction for acceptance of responsibility.

In this proceeding under 28 U.S.C. § 2255, Larson contends that his lawyer rendered ineffective assistance by not informing him that his position was hopeless, so that he could enter a guilty plea well in advance of trial in order to obtain the acceptance-of-responsibility reduction. After an evidentiary hearing, the district judge denied the petition. Larson's lawyer testified that such advice had indeed been provided, but that Larson had refused to listen. The district judge believed counsel's testimony, concluded that Larson's contrary testimony was untrue, and added that Larson would not have received a reduction no matter when he had pleaded guilty, because his entire course of conduct evinces refusal to accept responsibility for his offense.

Larson's appeal is frivolous, because it is predicated on his version of events, which the district judge did not accept. The judge's credibility findings cannot be deemed clearly erroneous. See *Anderson v. Bessemer City*, 470 U.S. 564, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985). Indeed, the district judge should not have issued a certificate of appealability, because the issue *for appeal* is not substantial. See 28 U.S.C. § 2253(c)(2). The district judge stated that she was obliged to issue a certificate because she had deemed the claim sufficient to require an evidentiary hearing. But the reason for the hearing was a conflict in the evidence, not a "substantial showing of the denial of a constitutional right", and the only issue on appeal—which cannot be thought "substantial" by any measure—is whether the district judge's findings of fact are clearly erroneous. Such a question rarely meets the statutory standards for a certificate of appealability.

mitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f).

Larson contends that the district judge should have recused herself. This argument was not covered by the certificate of appealability and does not entail a "substantial showing of the denial of a constitutional right". Larson contends that the district judge must be prejudiced because she harshly criticized him when denying his petition. The criticism arises from Larson's conduct revealed in the record and therefore does not require recusal. *Liteky v. United States*, 510 U.S. 540, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994). District judges are not required to pull their punches when describing the conduct of persons who not only have been convicted of federal crimes but have committed new ones (in this case, perjury) in an effort to escape punishment.

AFFIRMED